﻿Citation Nr: AXXXXXXXX
Decision Date: 05/16/19 Archive Date: 05/15/19

DOCKET NO. 18092-422
DATE: May 16, 2019

ORDER

A compensable rating for prior to October 16, 2017 and in excess of 10 percent therefrom for right knee scars, status post synovectomy, is denied.

REMANDED

Entitlement to a rating in excess of 10 percent for left knee chondromalacia is remanded.

FINDINGS OF FACT

1. Prior to October 16, 2017, the Veteran’s right knee scars were not manifested by any disabling effects not considered under Diagnostic Codes 7800-04.

2. From October 16, 2017, the Veteran’s right knee scars has unstable or painful.

CONCLUSIONS OF LAW

1. Prior to October 16, 2017, the criteria for a compensable disability rating for right knee scars, status post synovectomy, are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code 7805. 

2. From October 16, 2017, the criteria for a rating in excess of 10 percent for right knee scars, status post synovectomy, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code 7804.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from March 1976 to September 1982. 

The Board notes that the rating decision on appeal was issued in August 2018. In June 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. As such, the record closed on the date VA received his RAMP election form, which was June 14, 2018. The Veteran timely appealed this rating decision to the Board and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ). See VA Form 21-4138 (September 25, 2018).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

 

Increased Rating

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. The percentage ratings are based on the average impairment of earning capacity and individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3.

Where entitlement to compensation has already been established and increase in disability rating is at issue, present level of disability is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994).

Entitlement to a compensable rating for prior to October 16, 2017 and in excess of 10 percent therefrom for right knee scars, status post synovectomy, is denied.

The Veteran contends that his right knee scars are very painful. He also states his right knee is unstable and he wears a knee brace to keep it stable. See April 2018 NOD.

Prior to October 16, 2017, the Veteran’s right knee scars (2) were rated noncompensably disabling under Diagnostic Code 7805 for other scars (including linear scars) and other effects of scars evaluated under Diagnostic Codes 7800, 7801, 7802, and 7804. From October 16, 2017, his right knee scars (2) were rated at 10 percent under Diagnostic Code 7804 for unstable or painful scars. It is noted that the March 2018 rating decision granted a 10 percent rating for right knee scars effective from October 16, 2017 based on intent to file date.

The Board notes that VA amended the criteria for rating skin disabilities effective from August 13, 2018. However, Diagnostic Code 7804 was not changed by the August 13, 2018, amendments.

Diagnostic Code 7805 instructs that “any disabling effect(s) not considered in a rating provided under Diagnostic Codes 7800-04 under an appropriate Diagnostic Code.”

Under Diagnostic Code 7804, one or two scars that are unstable or painful scars warrants a 10 percent rating. Three or four scars that are unstable or painful scars warrants a 20 percent rating. Five or more scars that are unstable or painful warrants a 30 percent rating. 38 C.F.R. § 4.118. Note 1 to Diagnostic Code 7804 instructs that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. Id. Note 3 notes that scars evaluated under codes 7805 may also receive an evaluation under this diagnostic code when applicable.

The Board finds that the preponderance of the evidence is against the assignment of a compensable rating for prior to October 16, 2017 and in excess of 10 percent therefrom for right knee scar, status post synovectomy. 

Prior to October 16, 2017 a compensable rating is not warranted as there are no other disabling effect(s) not considered in a rating provided under Diagnostic Codes 7800-04. 

From October 16, 2017, a rating in excess of 10 percent is not warranted under Diagnostic Code 7804 because the Veteran’s residual scar status post right knee synovectomy has not been manifested by three or four scars that are unstable or painful. The Veteran manifests with two right knee scars that are painful and stable, which corresponds with a 10 percent rating.

A February 2018 VA examination reflects findings for two scars on his right lower extremity located at the medial (scar 1) and lateral (scar 2) areas of the right knee. The medial right knee scar measured 10 centimeters. The lateral right knee scar measured 4.5 centimeters. The scars were well healed and intact. The pain was described as occasional pain in the area of the Veteran’s post-operative scars. The pain was not constant or frequent to impact function.

An April 2018 statement from the Veteran reflects that he had had surgeries on his right knee and had painful scars.

The Board has also considered the other Diagnostic Codes pertaining to scars. However, the Veteran’s residual scar status post right knee arthroscopy is not of the head, face, or neck, is not deep and nonlinear, and is not associated with underlying soft tissue damage. Although it is superficial and not associated with underlying soft tissue damage, it does not cover an area or areas of 144 square inches or greater. Therefore, Diagnostic Codes 7800 through 7802, both prior to and from August 13, 2018, are inapplicable. Finally, the evidence of record shows there are no other disabling effect(s) not considered in a rating provided under Diagnostic Codes 7800-04 as contemplated under both pre- and post-August 13, 2018, Diagnostic Code 7805. Specifically, the February 2018 VA examination found that the Veteran’s scars (medial knee scar and lateral knee scar) were considered painful but not unstable. The examiner noted no adverse functional impact resulting from the Veteran’s scars. There was no indication of systemic use for treatment of the scars.

The Board acknowledges that the Veteran believes that the disability on appeal has been more severe than the assigned disability rating reflects. Moreover, the Veteran is competent to report observable symptoms, to include prior history of pain associated with the scar and that his current scars are “very painful.” Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, he does not assert nor does the medical evidence of record records show, that the Veteran’s right knee scar is manifest by any disabling effect(s) not considered in a rating provided under Diagnostic Codes 7800-04.

As such, the Board finds the examination report to be more probative than the Veteran’s assertions in determining whether the Veteran’s scars are stable, the measurement of scar surface area, and assessment of any adverse functional effects from painful scars. 

On balance, the weight of the evidence is against the claim for increase for scars of the right knee. There is no doubt to resolve. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

REASONS FOR REMAND

2. Entitlement to a rating in excess of 10 percent for left knee chondromalacia is remanded.

Although this is a Direct Review appeal under the AMA, and the record closed on the date of the Veteran’s Opt-In (June 14, 2018), the Board may remand an appeal where there is a pre-decisional duty to assist error, as here.

An April 2017 VA examination of the knees shows that the Veteran reported flare-ups involving his knees. The examiner noted that the Veteran had a “flare-up of the left knee in the prior month resulting in surgery and (the Veteran) is back to baseline with continuous left knee pain.” Functional loss was described as being unable to kneel, walk, or stand for 30 minutes or more. Range of motion testing revealed that the Veteran was unable to fully bend the left knee. Regarding flare-up of the left knee, the examiner opined that she would be unable to say without mere speculation whether pain, weakness, and fatigabilitiy significantly limits functional ability during flare-up because it “relies on subjective information” and the Veteran presents to examination without current flare-up of the left knee.

Given the above, the Board finds that the examination does not comply with the requirements in Sharp v. Shulkin, 29 Vet. App. 26, 34-36 (2017). The examiner did not attempt to elicit relevant information regarding the description of the Veteran’s flare-ups and any additional functional loss suffered during flare-ups.

The matter is REMANDED for the following action:

1. Schedule the Veteran for an examination of the current severity of his status-post left knee chondromalacia (left knee disability). The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. To the extent possible, the examiner should identify any symptoms and functional impairments due to left knee disability alone and discuss the effect of the Veteran’s left knee disability on any occupational functioning and activities of daily living. If it is not possible to provide a specific measurement, or an opinion regarding flare-ups, symptoms, or functional impairment without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

C.A SKOW

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. A. Macek, Associate Counsel